IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CHRISTIE S., <br><br> Plaintiff, <br> v. <br><br> ANDREW SAUL, Commissioner of the Social Security Administration, <br><br> Defendant. | REPORT AND RECOMMENDATION <br><br> Case No. 2:18-cv-00397-RJS-CMR <br><br> Chief District Judge Robert J. Shelby <br><br> Magistrate Judge Cecilia M. Romero |

This matter is referred to the undersigned in accordance with 28 U.S.C. § 636(b)(1)(B) for a Report and Recommendation on all dispositive matters (ECF 14; ECF 18). Plaintiff, Christie S., pursuant to 42 U.S.C. § 405(g), seeks judicial review of the decision of the Commissioner of Social Security (the "Commissioner") denying her claim for disability insurance benefits (DIB) under Title II of the Social Security Act. After careful review of the entire record, the parties' briefs, and arguments presented at a hearing held on August 14, 2019, the undersigned recommends that the Commissioner's decision be AFFIRMED.

## BACKGROUND

Plaintiff applied for benefits in July 2015, alleging disability beginning August 20, 2014, due to stage one lymphoma cancer, back problems, depression, and anxiety, among other conditions (ECF 10, Certified Administrative Transcript (Tr.) 267, 372). Plaintiff graduated from high school and attended some college, and she had past relevant work as an actor and a management trainee (Tr. 41, 86–89). In early 2015, Plaintiff began working part-time as an assistant manager at a movie theater, and the following year she also began working part-time as a front desk receptionist at a cancer clinic (Tr. 45-47).

1

After a hearing (Tr. 30–101), an administrative law judge (ALJ) issued a December 2017 decision finding that Plaintiff was not disabled (Tr. 15–24). The ALJ followed the familiar five-step sequential evaluation for assessing disability. *See generally* 20 C.F.R. § 404.1520(a)(4) (outlining the process). The ALJ found that Plaintiff engaged in substantial gainful activity (SGA) from October 2016 through June 2017, but that there was a continuous 12-month period during which Plaintiff did not engage in SGA (Tr. 17). At steps two and three, the ALJ found that Plaintiff had severe impairments (lymphoma stage one post-surgery and in remission and mild headaches), but that her medical conditions did not meet or equal the criteria of the disabling impairments listed at 20 C.F.R. pt. 404, subpt. P, app. 1 (Tr. 17–19). The ALJ next determined that Plaintiff retained the residual functional capacity (RFC) to perform a reduced range of light work (Tr. 19–22). Considering this RFC, and consistent with vocational expert testimony, the ALJ found that Plaintiff could perform her past relevant work as a character actor and a management trainee, as those jobs were actually and generally performed (Tr. 22). In the alternative, the ALJ also found that there were other jobs existing in significant numbers in the national economy that Plaintiff could perform (Tr. 22–23). Therefore, the ALJ concluded that Plaintiff was not disabled under the strict standards of the Act (Tr. 23–24).

The Appeals Council then denied Plaintiff's request for review (Tr. 1–6), making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 20 C.F.R. §§ 404.981; 422.210(a). This appeal followed.

## STANDARD OF REVIEW

The scope of the Court's review of the Commissioner's final decision is specific and narrow. As the Supreme Court recently reiterated, "[o]n judicial review, an ALJ's factual findings . . . 'shall be conclusive' if supported by 'substantial evidence.'" *Biestek v. Berryhill*,

2

139 S. Ct. 1148, 1153 (2019) (quoting 42 U.S.C. § 405(g)). The threshold for evidentiary sufficiency under the substantial evidence standard is "not high." *Biestek*, 139 S. Ct. at 1154. While substantial evidence is "more than a mere scintilla," it means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotations and citations omitted). Under this deferential standard, this Court may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014). The Court's inquiry "as is usually true in determining the substantiality of evidence, is case-by-case," and "defers to the presiding ALJ, who has seen the hearing up close." *Biestek*, 139 S. Ct. at 1157.

## DISCUSSION

The Social Security Act ("Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A). Moreover, the Act considers an individual disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* §§ 423(d)(2)(A); 1382c(a)(3)(B).

In determining whether a claimant qualifies as disabled within the meaning of the Act, the Social Security Administration employs a five-part sequential evaluation. *See* 20 C.F.R. § 404.1520. The analysis evaluates whether:

   (1) The claimant presently engages in substantial gainful activity;
   (2) The claimant has a medically severe physical or mental impairment or impairments;

3

(3) The impairment is equivalent to one of the impairments listed in the appendix of the relevant disability regulation which preclude substantial gainful activity;
(4) The impairment prevents the claimant from performing his or her past work; and
(5) The claimant possesses a residual functional capacity to perform other work in the national economy considering his or her age, education, and work experience.

*See id.* The claimant has the initial burden of establishing the disability in the first four steps. *Ray v. Bowen*, 865 F.2d 222, 224 (10th Cir. 1989). At step five, the burden shifts to the Commissioner to show that the claimant retains the ability to perform other work existing in the national economy. *Id.*

On appeal, Plaintiff (1) challenges the ALJ's findings at step one of the sequential evaluation process; (2) alleges error in the ALJ's evaluation of treatment records from Plaintiff's physical therapist, Kristine Williams; (3) asserts that the ALJ was required to call a medical expert to testify in her case; and (4) argues that she was entitled to a closed period of benefits (ECF 16, Plaintiff's Brief (Pl. Br.) 13–26). The Court will address the alleged errors in turn.

### A. There was no reversible error at step one.

Plaintiff asserts a variety of errors related to the ALJ's finding at step one of the sequential evaluation process (Pl. Br. 14–20). Plaintiff generally alleges that the ALJ improperly considered her part-time work in determining her disability claim, did not analyze her "subsidized work setting," and erred in finding she was capable of SGA for a portion of the time at issue (*id.*).

The Court finds that Plaintiff's arguments related to the ALJ's findings at step one are unpersuasive. Pursuant to 20 C.F.R. § 404.1529(c)(3), an ALJ must consider evidence about a claimant's prior work record when evaluating her claims of disability. Here, in evaluating Plaintiff's claim of disability, the ALJ properly considered Plaintiff's past work in addition to the part-time work she performed during the same period of time she alleged she was disabled. *See*

4

20 C.F.R. § 404.1529(c)(3); *see also* 20 C.F.R. § 404.1571 ("Even if the work [the claimant has] done [during a period of claimed disability] was not [SGA], it may show that [the claimant was] able to do more work than [she] actually did."). The ALJ also adequately considered Plaintiff's testimony regarding her "difficulties maintaining the schedules and [] need to go home early every few weeks" in evaluating her disability claim (Tr. 20). *See id.* § 404.1573(e) ("We will still evaluate the work to decide whether it is substantial and gainful regardless of whether [the claimant spends] more time or less time at the job than workers who are not impaired and who are doing similar work as a regular means of their livelihood.").

Further, the Court rejects Plaintiff's argument that the ALJ somehow erred in finding that she performed SGA for an eight–month period (Tr. 17). Plaintiff does not dispute that her income during this period ($1807 monthly in the fourth quarter of 2016, $1338 monthly in the first quarter of 2017, and $1324 monthly in the second quarter of 2017) fell within the monthly income level that would establish SGA (Pl. Br. 15, n.3 (setting forth Plaintiff's income)); *see also* Substantial Gainful Activity, https://www.ssa.gov/oact/cola/sga.html (setting forth monthly SGA levels by year). Therefore, the Court finds that the ALJ's finding at step one was supported by substantial evidence in the record.

Moreover, despite the ALJ's finding that Plaintiff was performing SGA for eight months, the ALJ proceeded beyond step one to consider the record as a whole in assessing Plaintiff's RFC (Tr. 17 (stating that the ALJ considered the entire record)), and the ALJ denied Plaintiff's claim at step five, not step one (Tr. 23–24). Thus, any alleged error in this case was harmless, given that the ALJ proceeded past step one in evaluating Plaintiff's claims of disability. *See Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) ("[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." (citations omitted)); *see also*

5

*Fischer-Ross v. Barnhart*, 431 F.3d 729, 735 (10th Cir. 2005) (applying harmless error to Social Security cases when the ALJ continued with the sequential evaluation process and the record supports the ALJ's findings at subsequent steps of the process).

**B.     Plaintiff's physical therapist was not entitled to controlling weight.**

Plaintiff next alleges that the ALJ erred by failing to give "controlling weight" to medical records from her physical therapist, Kristine Williams, PT, DPT (Pl. Br. 20, 22 (citing Tr. 732, 737)). However, as a physical therapist, Ms. Williams was not an acceptable medical source, and therefore, any opinion from her could not be entitled to controlling weight. *See* Social Security Ruling (SSR) 06–3p, 2006 WL 2329939, at *1–2 (listing the only acceptable medical sources that are entitled to controlling weight); *see also Kellams v. Berryhill*, 696 F. App'x 909, 918 (10th Cir. 2017) (holding that a physical therapist was not an acceptable medical source). Thus, Plaintiff's assertion that any statement from Ms. Williams would have been entitled to controlling weight is without merit.

Because Ms. Williams was an "other source" rather than an "acceptable medical source," the ALJ's analysis is sufficient as long as the Court can follow the reasoning. *See Carr v. Commr., SSA*, 734 F. App'x 606, 609 (10th Cir. 2018). Here, it is clear why the ALJ limited Plaintiff as he did—based on the objective medical evidence, her activities of daily living and ability to work part-time during the relevant period, and the opinion from Dr. McKay, the reviewing state agency physician. Thus, to the extent that Ms. Williams was opining to any actual limitations, it can reasonably be discerned that the ALJ found such limitations were not supported by the record as a whole. The Court will not disturb this reasonable conclusion.

Plaintiff also alleges that the ALJ improperly relied on the opinions from the reviewing state agency physicians, apparently because the opinions were completed in September 2015 and

6

November 2015, and the physicians were not able to review Plaintiff's later medical records (Pl. Br. 21). However, the Court notes that an ALJ may give weight to the opinion of a state agency medical consultant when that opinion is consistent with the record as a whole. *See* 20 C.F.R. § 404.1527(c)(4) (ALJ must consider whether an opinion is consistent with the record as a whole); *see also Flaherty v. Astrue*, 515 F.3d 1067, 1071 (10th Cir. 2008) (a non-examining physician is an acceptable medical source, whose opinion the ALJ is entitled to consider). Here, the ALJ evaluated reviewing physician Dr. McKay's opinion that Plaintiff retained physical abilities consistent with light work (Tr. 21, 133–34). The ALJ then reasonably concluded that this opinion was entitled to "significant weight" due to its consistency with the record a whole (Tr. 21). The Court will not reweigh the evidence or overturn the ALJ's reasonable conclusions on appeal. *See Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (on substantial evidence review, the court does not re-weigh the evidence or substitute its judgment for that of the Commissioner).

In addition, Plaintiff's suggestion that a reviewing opinion rendered later would have been more restrictive is undercut by her mostly normal physical examinations and her statements that her pain was greatly relieved with treatment between November 2015 and the time of the ALJ's decision in December 2017 (Tr. 808, 823–25). The Tenth Circuit has rejected the argument that an ALJ may not rely on a state agency medical consultant's opinion when later evidence is received after that opinion was rendered when the later-received evidence does not demonstrate a significant change in circumstances. *See Tarpley v. Colvin*, 601 F. App'x 641, 644 (10th Cir. 2015) (rejecting a claimant's argument that an ALJ should not have relied on an opinion because evidence received after the opinion was consistent with it and did not render it

7

"stale" ). Therefore, the Court concludes that the ALJ reasonably gave weight to Dr. McKay's opinion.

### C. Plaintiff's remaining arguments are without merit.

Plaintiff additionally alleges that the ALJ erred by failing to call a medical expert to testify at her administrative hearing (Pl. Br. 22–23). However, the Court concludes that the ALJ was not required to call an expert in her case. The agency's Hearings, Appeals, and Litigation Law Manual (HALLEX) identifies circumstances in which an ALJ "*may* need to obtain" a medical expert opinion and three limited circumstances in which an ALJ "*must* obtain" a medical expert opinion. *See* HALLEX § I–2–5–34(A), 1994 WL 637370 (emphasis added); *see also* 20 C.F.R. § 404.1527(e)(2)(iii) (ALJ *may* ask for and consider opinions from medical experts). Plaintiff does not allege, and there is no indication, that the three limited circumstances when an ALJ is required to obtain a medical expert opinion exist in her case. *See* HALLEX § I–2–5–34(A)(1), 1994 WL 637370. Thus, while Plaintiff speculates that the ALJ may have needed to call an expert in order to "clarify and explain evidence" (Pl. Br. 22), the Court finds that this decision was at the complete discretion of the ALJ.

Further, considering that the evidence before the ALJ included years of medical records, testimony from Plaintiff, and opinions from the state agency physicians, the record was adequate to assess Plaintiff's claims and showed that her functional limitations were not so severe as to preclude the requirements of light work with additional limitations. Therefore, the Court concludes that the ALJ did not abuse his discretion in declining to call a medical expert in this case, where sufficient information existed for the ALJ to make a disability determination. *See* 20 C.F.R. § 404.1512(a) (claimant must provide medical evidence showing how his impairment affected his functioning); *see also Cowan v. Astrue*, 552 F.3d 1182, 1187 (10th Cir.

2008) (ALJ did not need to further develop the record where sufficient evidence existed to make a disability determination).

Plaintiff also asserts that the ALJ should have awarded her a closed period of benefits (Pl. Br. 23). However, the Court declines to entertain her arguments with respect to a closed period. Here, the ALJ considered the record as a whole and determined that Plaintiff was not disabled and not entitled to benefits (Tr. 15–24). Therefore, the ALJ implicitly determined that she was also not entitled to a closed period of benefits at any point during the relevant period.

Finally, there is no merit to Plaintiff's allegation that the ALJ was biased in her case. Instead, substantial evidence supports the ALJ's findings and the ALJ applied the correct legal standards in reaching his decision to find Plaintiff not disabled under the Act.

## RECOMMENDATION

Based on the foregoing, the undersigned finds the ALJ's decision is supported by substantial evidence and the correct legal standards were applied. Thus, the undersigned recommends the Commissioner's decision be AFFIRMED.

## NOTICE

Copies of this Report and Recommendation are being mailed to all parties who are hereby notified of their right to object. The parties must file any objection to this Report and Recommendation within fourteen (14) days of service. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 26 August 2019.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah